## Snodgrass, et al. v. Henderson.

(Decided December 15, 1926.)

### Appeal from Butler Circuit Court.

Ejectment—Pleadings of Plaintiff Held to Entitle Her to Establish Her Right to Land, Either by Documentary Title of by Possessory Title.—In ejectment, petition avering plaintiff is and was the legal owner in fee simple of the land described, and had been for over 30 years last past, and that she was entitled to possession and that defendants held the same against her without right, held to entitle her to establish her right to the land either by documentary title or by possessory title.

G. V. WILLIS for appellants.

A. J. BRATCHER and E. N. MAYHUGH for appellee.

Opinion of the Court by Judge Sampson—Affirming.

In this ejection suit the plaintiff, Mrs. Henderson, was by a verdict of the jury found to be the owner and entitled to possession of a narrow strip of land of little value, lying along the property line between her and appellants, Snodgrass, et al.

Appellants now insist that the judgment should be reversed because she failed as plaintiff to prove her chain of paper title back to the Commonwealth, and having failed to allege title by adverse possession her evidence on that subject was unavailing. It is true that she

only introduced her deed and did not trace her paper title back to the Commonwealth or even to a common source. She did prove actual possession of the property under claim of title for more than the statutory period next before the commencement of the action. By petition she averred that she is and was the legal owner in fee simple of the tract of land described in the petition and had been for more than thirty years last past. She then averred that she is entitled to possession and that defendants, Mr. and Mrs. Snodgrass, held the same against her without right and had done so for a few months last past and prayed damages in the sum of $100.00, and for recovery of the boundary of land. Under her pleading it seems to the court she was entitled to establish her right to the land either by paper title or by possessory title. She introduced evidence to show she had been in the actual possession of the land, holding and claiming it as her own for a period much longer than that fixed by statute to ripen her claim into title by adverse possession. There was evidence for appellants tending to show that they had enjoyed actual, adverse possession of the land, claiming and holding it as their own for fifteen years and more next before the commencement of the action. The jury heard this evidence and found for the plaintiff, Mrs. Henderson. Appellants now insist that the court should have sustained their motion for a directed verdict in their favor, made at the conclusion of the evidence for the plaintiff, because the plaintiff had failed to establish her documentary title back to the Commonwealth. Certainly this would be true if the plaintiff relied alone upon paper title, but she had a right to plead and rely upon both a paper title and possessory title at the same time; and if she proved either by competent evidence to the satisfaction of the jury, to recover against the defendant who pleaded and relied upon adverse possession only.

Our attention has not been called by appellants to any error warranting a reversal of the judgment and we have not been able to find such error in the record; the judgment, therefore, is affirmed.

Judgment affirmed.